entered April 23, 1926, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant, appellant. Plaintiff's intestate, a stevedore, was killed by an explosion on board a steamship where he was working. It was alleged that the explosion was caused by the use of an open flame acetylene torch by employees of defendant, appellant, in the immediate vicinity of a large number of cases containing gasoline in tin cans which formed a portion of the cargo.

*John Vernou Bouvier, Jr.*, and *Harold R. Medina* for appellant.

*Lester Hand Jayne* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, Mc-Laughlin, Crane, Andrews and Lehman, JJ.

---

The People of the State of New York, Respondent, *v.* Paul De Laney, Appellant.

*Appeal — larceny — appeal to Court of Appeals from judgment of affirmance by Appellate Division, not taken within thirty days and without certificate that question of law was involved, dismissed.*

*People* v. *De Laney*, 217 App. Div. 783, appeal dismissed.
(Argued November 22, 1926; decided December 31, 1926.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 29, 1926, which unanimously affirmed a judgment of the Chautauqua County Court convicting the defendant of the crime of grand larceny in the first degree. The appeal was not taken within thirty days after entry of the judgment of affirmance as required by section 521 of the Code of Criminal Procedure, nor was a certificate obtained that a question of law was involved which ought to be reviewed by the Court of Appeals.

34

Prepared by State Reporter from Appeal Papers

*Thomas P. Heffernan* and *John L. Campbell* for appellant.

*Glenn W. Woodin, District Attorney,* for respondent.

Appeal dismissed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Application of HELEN M. O'BRIEN, Respondent, *v.* NEW YORK STATE TEACHERS' RETIREMENT BOARD, Appellant.

*Teachers — pensions — application by teacher shortly before death for retirement and for payment of allowance to designated nominee.*

*Matter of O'Brien* v. *N. Y. State Teachers' Retirement Board,* 215 App. Div. 220, affirmed.

(Argued November 22, 1926; decided December 31, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered February 4, 1926, which directed the appellant board to retire one Margaret O'Brien, a deceased school teacher, as of the date of the filing of her application and to make payment accordingly to the petitioner as her designated beneficiary. The question was whether the statute (Education Law, art. 43-B) compels the appellant board to grant a teacher's death-bed application for a superannuation allowance to be paid to another upon the teacher's immediate death.

*Nathan L. Miller, Harold Otis* and *Raymond F. Allen* for appellant.

*La Fay C. Wilkie* for respondent.

Order affirmed, with costs; no opinion.

Concur: POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ. Dissenting: HISCOCK, Ch. J., CARDOZO and LEHMAN, JJ.